**UNITED STATES of America,**
**Appellee,**

v.

**Clarence Eugene BELL, Appellant.**

**No. 12511.**

United States Court of Appeals
Fourth Circuit.

March 3, 1969.

James A. Ostendorf (Court-appointed counsel), Baltimore, Md., on brief for appellant.

Stephen H. Sachs, U. S. Atty., and Nevett Steele, Jr., Asst. U. S. Atty., on brief, for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Clarence Eugene Bell was convicted of three counts of forging and uttering United States Treasurer's checks in violation of 18 U.S.C. § 495. Count one charged Bell with forging and count two with uttering a check for $72.40, dated March 25, 1963, payable to Roberta Nichols, 703 Newington Avenue, Baltimore. Count three charged him with forging a check for $62.10, dated April 2, 1963, payable to J. M. and G. Pulliam, 703 Newington Avenue, Baltimore.

On this appeal Bell raises several issues, but his primary contention is that there was insufficient evidence to support the convictions. Reviewing the record, we find the evidence not insufficient, and since appellant's other contentions are without substance, we affirm.

In March and April of 1963, when the two checks were issued, Bell was living at 703 Newington Avenue, the address given for the respective payees of both checks. Although the payees of both had in fact lived at that address during 1962, the evidence showed that they had moved away before the checks were issued.

In regard to the Nichols check, the evidence warranted a finding that Bell had intercepted the 1962 W–2 form which Miss Nichols should have received from her employer, that he used the form to fill out and sign an income tax return in Miss Nichols' name and that he intercepted the tax refund check that was sent her as a result of the filing of the tax return, to cover excess withholdings.

Bell admitted having put his own name on the check as a second endorser, but he claimed that the forged endorsement "Roberta Nichols" had been written on the check by a woman whom he believed at the time to be the real Roberta Nichols. Although Bell argued that he had merely aided the woman to cash what he believed to be her own check, the evidence was ample to support his conviction under count one as an aider and abettor to the forging of the check.

The defendant's conviction for uttering the Nichols check is supported by his admission that he co-endorsed the check and was present when it was cashed. The admission was partially corroborated by an employee of the Checker Cab Association where the check was cashed.

Defendant denied any knowledge of the second check, payable to J. M. and G. Pulliam. A Government handwriting expert testified that it was probable that Bell had written the forged endorsement "James Pulliam" on the check and that it was highly probable that he had written the endorsement "Geraldine Pulliam." The check address was the same as the defendant's, and he admitted being a customer at the gas station where the check was cashed.

When the sufficiency of evidence to support a conviction is challenged the court must apply the traditional test stated in Bell v. United States, 185 F.2d 302, 310 (4th Cir. 1951):

> whether there is substantial evidence which, taken in the light most favorable to the United States, tends to show that the defendant is guilty beyond a reasonable doubt.

The evidence here is sufficient to meet that test, and the convictions are accordingly

Affirmed.